UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHEN DIVISION

LYNETTE M. BANKS                                                                                          PLAINTIFF

v.                                                                                CIVIL ACTION NO. 3:15cv355-DPJ-FKB

HAZLEHURST CITY SCHOOLS, et al.                                                                DEFENDANTS

ORDER

This employment-discrimination case is before the Court on Defendant Mississippi Department of Education's ("MDE") Motion to Dismiss [17] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Having fully considered the allegations and the relevant authorities, the Court finds that the Motion should be granted.

I.      Facts and Procedural History

Plaintiff Lynette Banks was hired as a Special Education Director by Hazlehurst City Schools on May 4, 2010. She generally alleges that beginning in October 2013, her male supervisor began harassing her in the workplace by engaging in a variety of inappropriate conversations and initiating a series of unwelcome sexual advances. *See* Am. Compl. [4] ¶¶ 9–27. According to the Complaint, Banks rejected the supervisor's advances and demands, verbally complained about the harassment to his superiors on February 14, 2014, and submitted a written sexual-harassment complaint on February 19, 2014. Then, on April 25, 2014, Banks allegedly received a letter from the offending supervisor indicating that her salary was being cut by five percent due to "budgetary reasons." *Id.* at 28–32.

Aggrieved by the continued harassment and salary reduction, Banks filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 7, 2014, listing Hazlehurst City School District ("the School District") as her employer. Compl.,

Ex. A [1-1]. After receiving a Notice of Rights by the EEOC, Compl., Ex. B [1-2], Banks filed suit against the School District in this Court on May 12, 2015, asserting claims for sex discrimination, sexual harassment, sexually hostile work environment, and retaliation under Title VII, as well as for age discrimination under the Age Discrimination in Employment Act (ADEA). *See generally* Compl. [1]. Subsequently, Banks timely filed her First Amended Complaint ("FAC") to add MDE as a defendant.[1] *See* FAC [4]. Neither a charge of discrimination nor a right-to-sue letter were attached to the Amended Complaint. *See id.* Plaintiff did, however, attach an additional unsigned charge of discrimination to her Motion-to-Dismiss Response that names both the school district and MDE as employers. Pl.'s Resp., Ex. A [26-1] at 2.

MDE now moves to dismiss the claims against it pursuant to Rule 12(b)(6), arguing that: (1) it is not a proper party under Title VII; (2) Plaintiff has failed to exhaust her administrative remedies under Title VII; and (3) the ADEA claims are barred by the Eleventh Amendment to the United States Constitution. Def.'s Mot. [17] at 1. The Court has considered the parties' submissions along with the relevant authorities and is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188

---

[1]Pursuant to Federal Rule of Civil Procedure 15(a)(1), a party may amend its initial pleading as a matter of course within 21 days of service. Here, the School District was served on May 12, 2015, and the FAC was filed seven days later, on May 19, 2015. *See* FAC [4]. This is within the 21-day window for amendment as a matter of course, and thus Banks' FAC provides the operative claims for the purposes of the instant Motion.

F.3d 322, 324 (5th Cir. 1999) (per curiam)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Finally, it is important to note that "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  In this regard, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and

referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).[2]

III.     Analysis

In the FAC, Banks asserts three counts against MDE—two involving claims under Title VII of the Civil Rights Act of 1964 and one involving a claim under the ADEA. These will be addressed in turn.

    A.     Title VII Claims

Banks pleads a series of claims under Title VII, including sex discrimination, sexual harassment, hostile work environment, and retaliation. FAC [4] at 7–8, 9. In its Motion, MDE first contends that it is not a proper party to these claims because it was not named in either charge of discrimination attached to the original Complaint.[3] Indeed, Title VII clearly states that "a civil action may be brought against the respondent *named in the charge*." 42 U.S.C. § 2000e-5(f)(1) (emphasis added). Based on this statutory requirement, the Fifth Circuit has "recognize[d] a general rule that 'a party not named in an EEOC charge may not be sued under Title VII.'" *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir.1988)).

---

[2]Although dismissals under Rule 12(b)(6) are generally on the merits and therefore with prejudice, *Csorba v. Varo, Inc.*, 58 F.3d 636, 636 n.2 (5th Cir. 1995), "when a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).

[3]In both the original Complaint and the FAC, Banks alleges that she timely filed two charges of discrimination and that both documents are attached as Exhibits "A" and "C." Because the docket entry for the FAC contains no such attachments, however, MDE relied on those attached to the initial Complaint.

In the FAC, Banks alleges that she filed two charges of discrimination—the first based on sex discrimination and retaliation, and the second based on age discrimination and retaliation. Although these charges correspond to the exhibits attached to her original Complaint, both of these documents listed "Hazlehurst City School District" as her sole employer. *See* Compl., Ex. A [1-1]; Compl., Ex. C [1-3]. In her Response to this Motion, however, Banks claims for the first time that "MDE is a joint employer" and that "[o]n May 12, 2014, the [EEOC] sent the [MDE] an amended charge that added MDE as an identified employer." Pl.'s Resp. [26] ¶ 3. This would have been five days after the original charge. *See* Compl. Ex. A[1-1]. Though there is no record evidence showing the EEOC sent the MDE anything, Plaintiff does attach what she claims to be an amended charge listing both the School District and MDE as employers.[4] *See id.*, Ex. A [26-1].

As noted previously, in reviewing a motion to dismiss under Rule 12(b)(6), courts are limited to the content that appears on the face of the pleadings and any attachments thereto. *Collins*, 224 F.3d at 498; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are *referred to in the pleadings* and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (emphasis added). Here, the charge of discrimination included in Plaintiff's Response was neither referenced in nor attached to either the original Complaint or the FAC. Both the original and Amended Complaints reference the charges filed May 7, 2014 and August 11, 2014,

---

[4]Curiously, Banks did not sign this document as she did the others, and it is not stamped "Received" as are the others.

not this new charge dated May 12, 2014.  As such, it is not part of the pleadings and is not properly before the Court for consideration under Rule 12(b)(6).  *See Bisor v. Solis*, No. 3:10-CV-1115-L, 2010 WL 3582536, at *2 (N.D. Tex. Sept. 10, 2010) (refusing to consider evidence attached to plaintiff's response but not referenced in or attached to the complaint); *Powell v. Dall. Morning News LP*, 610 F. Supp. 2d 569, 577 (N.D. Tex. 2009) (same).

In any event, even if the charge of discrimination was properly before the Court, MDE also raises a legitimate argument that Banks failed to exhaust her administrative remedies prior to bringing this suit.  Plaintiffs asserting employment-discrimination claims under Title VII are required to exhaust their administrative remedies before seeking judicial relief in federal court. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Id.* (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996)).  Title VII provides that an individual must file their civil action within ninety days of receiving a right-to-sue letter issued by the EEOC.  *Id.*; 42 U.S.C. § 2000e–5(f)(1); *see also Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1215 (5th Cir. 1982) ("Before instituting a Title VII action in federal district court, a private plaintiff must . . . receive statutory notice of the right to sue the respondent named in the charge.").

This requirement is strictly construed, *Taylor*, 296 F.3d at 379, and courts have routinely dismissed cases in which the plaintiff did not allege that they received a right-to-sue letter or failed to present evidence that such a letter had issued.  *See, e.g.*, *Hall v. Ouachita Parish Corr. Center*, No. 07-2187, 2008 WL 724230, at *2 (W.D. La. Mar. 17, 2008) (dismissing Title VII claim for failure to exhaust administrative remedies where plaintiff did not offer evidence of a

right-to-sue letter and did not allege that he had received such a letter); *Shabazz v. Texas Youth Com'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (same); *Dao v. Auchan Hypermarket*, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), *aff'd* 96 F.3d 787 (5th Cir. 1996) (dismissing ADA claim for failure to exhaust where plaintiff did not allege that she filed a charge with the EEOC or that she obtained a right-to-sue letter prior to filing suit).

In this case, Banks has not alleged—in either the FAC or her Response—that the EEOC issued a right-to-sue letter pertaining to her claims against MDE or that she received such a letter. *See* FAC [4] ¶ 6 (alleging only the receipt of right-to-sue notices corresponding to the charges of discrimination that listed the School District as Banks' sole employer). Nor has Banks referenced or provided any evidence of a right-to-sue letter corresponding to the allegedly amended charge of discrimination listing MDE as an employer.[5] Banks has thus failed to plead that she has exhausted all of her administrative remedies against MDE prior to initiating this suit. Accordingly, she has not stated a plausible claim for relief and MDE's Motion to Dismiss is due to be granted.[6] Plaintiff's Title VII claims are dismissed without prejudice.

---

[5]Although a right-to-sue letter with the same EEOC charge number as the purported amended charge of discrimination was attached to the original Complaint, it appears to correspond with the original charge—which also had the same EEOC charge number—because only the School District was copied as a potential defendant. *See* Compl., Ex. B [1-2]. More importantly, Banks does not cite to this document as evidence of a right to sue MDE, and the Court is unwilling to make any independent inferences.

[6]The Fifth Circuit acknowledges a split of authority in the circuit as to whether exhaustion of administrative remedies is a condition precedent or jurisdictional prerequisite to bringing maintaining a Title VII action. *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). Thus, a split exists as to whether this motion should fall under Rule 12(b)(6) or 12(b)(1). If under Rule 12(b)(1), then there are circumstances when the Court may consider record evidence. *See*, *e.g.*, *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). That said, Plaintiff has *not* argued that the motion falls under Rule 12(b)(1), despite Defendants clear argument regarding the limited scope of review under Rule 12(b)(6). *See* Defendants' Mem. [18] at 3, n.1.

B.    ADEA Claim

In the FAC, Banks states a claim for age discrimination under the ADEA on the basis that she was required to clock in and out of work while younger administrators were not. FAC [4] ¶ 46. MDE contends that ADEA claims against state agencies—such as the state department of education—are barred by the Eleventh Amendment to the United States Constitution. *See* Def.'s Mem. [18] at 4–7 (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000). Banks did not directly respond to this argument, but instead conceded that "her ADEA claim against MDE should be dismissed as she did not file a charge of discrimination for age discrimination." Pl.'s Resp. [26] ¶ 5. Because Banks did not address MDE's Eleventh Amendment argument, which appears correct in any event, her ADEA claim is dismissed with prejudice.

IV.    Conclusion

The Court has considered the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, the Court finds that Defendant MDE's Motion to Dismiss [17] should be granted. Because Banks failed to exhaust her administrative remedies under Title VII, her claims under that statute are dismissed without prejudice as to MDE. Her ADEA claims, however, are dismissed with prejudice as to MDE based on Eleventh Amendment immunity.

---

Moreover, "one panel may not overrule the decision—right or wrong—of a prior panel, absent en banc reconsideration or a superseding contrary decision of the Supreme Court." *In re Dyke*, 943 F.2d 1435, 1442 (5th Cir.1991). The Court, therefore, follows the direction of other courts that have found exhaustion to be a condition precedent rather than a jurisdictional prerequisite based on earlier Fifth Circuit opinions. *See, e.g.*, *King v. Life School*, 809 F. Supp. 2d 572, 577–78 (N.D. Tex. 2011); *Gates v. City of Dall., Tex.*, No. 3:96-CV-2198-D, 1997 WL 405144, at *1 n.1 (N.D. Tex. July 15, 1997) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)). As such, MDE's Motion is properly pursued under Rule 12(b)(6), rather than Rule 12(b)(1). Regardless, the result would remain the same for reasons that follow.

**SO ORDERED AND ADJUDGED** this the 4th day of May, 2016.

                                                                                           s/ *Daniel P. Jordan III*
                                                                                          UNITED STATES DISTRICT JUDGE